### BALTIMORE & OHIO RAILROAD CO. v. MARY C. VAN HORN, ADMX.

1. EVIDENCE AS TO MATTERS WITHIN COMMON OBSERVATION.

   In matters more within the common observation and experience of men, non-experts may, in cases where it is not practicable to place before the jury all the primary facts upon which they are founded, state their opinions from such facts, where such opinions involve conclusions material to the subject of inquiry.

2. RULE APPLIED TO OPERATION OF RAILWAY TRAINS.

   Witnesses having no special knowledge or experience in the running or management of railway trains, but having the ordinary, average familiarity with moving trains, are qualified to express an opinion, in an action for personal injuries where the speed of the train causing the injury is material, as to the rate at which it was moving.

3. DEGREE OF KNOWLEDGE AFFECTS WEIGHT, NOT COMPETENCY OF EVIDENCE.

   An opinion as to the speed of a train involves the ordinary ideas of time, space and motion and is within the common observation and experience of men, and although the opinion of a man with large experience in riding on trains or in running them may be of greater weight than the ordinary witness, that fact only goes to the weight of the evidence and not to its competency.

4. PREVIOUS NARROW ESCAPE AT RAILROAD CROSSING—COMPETENCY.

   In an action for damages for death resulting from injuries received by decedent while crossing a railroad, evidence that the deceased had crossed the track with his team before is incompetent to show that on a former occasion he had a narrow escape from the same train and that he was habitually negligent; such evidence is not competent except for the purpose of showing his familiarity with the crossing.

5. SCINTILLA RULE HAS NOT BEEN DEPARTED FROM.

   A motion to direct a verdict for defendant involves the "scintilla rule" in Ohio, from which the Supreme Court has not departed. Therefore, if there is any evidence, however slight, tending to prove each of the material allegations necessary for the plaintiff to recover, the court cannot properly direct the verdict for defendant.

6. MOTION TO DIRECT VERDICT PROPERLY OVERRULED.

   Unless the proof was such, in an action for wrongful death, that no rational inference could be drawn therefrom, except negligence on the part of decedent contributing to his injury, the court properly overruled a motion to direct a verdict for defendant.

7. NO ABSOLUTE RULE AS TO STOPPING, LOOKING AND LISTENING.

   The Supreme Court of Ohio has not adopted the absolute rule that the plaintiff, in an action for damages sustained at a railway crossing, must show that he stopped, looked, and listened in order to free himself from the charge of contributory negligence.

8. PERSON PARTIALLY DEAF—DEGREE OF CARE.

   The fact that a person injured at a railway crossing was partially deaf does not require him to use greater care to avoid injury than would otherwise be necessary, provided he was not conscious of his infirmity.

9. PERSON MAY PRESUME THAT RAILROAD COMPLIES WITH LAW.

   A party approaching a railroad crossing has a right to rely upon the presumption that the railroad company would manage its train according to the law and ordinances of the city and not carelessly nor negligently operate them.

*Kibler & Kibler*, for plaintiff in error.

*S. M. Hunter*, for defendant in error, cited:

Charge to jury—Court may use its own language: Bond v. State 23 Ohio St., 356.

Evidence as to speed of train: Railroad Co. v. Schultz, 43 Ohio St., 270, 281 [1 N. E. Rep., 324; 54 Am. Rep., 805]; Railroad Co. v. Steinberg, 17 Mich., 99, 104.

Defective hearing—Contributory negligence: Cleveland, C. & C. R. R. Co. v. Terry, 8 Ohio St., 570.

Interrogatories—Application of law as to pending actions: Railroad Co. v. Belt, 35 Ohio St., 479, 481; Lafferty v. Shinn, 38 Ohio St., 46; Arrowsmith v. Hammering, 39 Ohio St., 573, 576; Hartnett v. State, 42 Ohio St., 596; State v. Rabbitt, 46 Ohio St., 178, 180 [19 N. E. Rep., 437].

Excessive speed may be negligence: Chicago & N. W. R. R. Co., v. Dunbury, 39 Am. & Eng. R. R. Cos., 381, 392; 1 Thomp. Neg., 506.

Speed above city ordinance—Negligence may be inferred: Railroad Co. v. Ives, 144 U. S., 408 [12 S. Ct. Rep., 679]; Am. Dig. 1892; Bluedorn v. Railway Co., 18 S. W. Rep., 1103; Piper v. Railroad Co., 46 N. W. Rep., 165; Town v. Railroad Co., 8 N. Y. S., 137; Am. Dig., 1890, par., 3226; Dick v. Railroad Co., 38 Ohio St., 389, 394.

Speed may be considered on question of contributory negligence: Hart v. Devereux, 41 Ohio St., 565; Railroad Co. v. Schneider, 45 Ohio St., 678 [17 N. E. Rep., 321]; Baker v. Pendergast, 32 Ohio St., 494 [30 Am. Rep., 620]; Meek v. Railroad Co., 38 Ohio, 632; Railroad Co. v. Margrat, 51 Ohio St., 130, 138 [37 N. E. Rep., 11].

Contributory negligence: 107 Pa. St., 8.

Failure to ring bell or whistle—Crossing rights: Secs. 3336, 3337, Rev. Stat.; C., C. & C. Ry. v. Crawford, 24 Ohio St., 638, 639 [15 Am. Rep., 633]; Marietta & C. R. R. Co. v. Picksley, 24 Ohio St., 668; Railroad Co. v. Stead, 95 U. S., 162, 163; Grand Trunk Railway Co. v. Ives, 144 U. S., 418 [12 S. Ct. Rep., 679]; Cincinnati R. R. Co. v. Snell, 54 Ohio St., 197 [43 N. E. Rep., 207, 32 L. R. A., 276]; Weiser v. Railroad Co., 6 Circ. Dec., 215 (10 R., 14); Piper v. Railroad Co., 77 Wis., 247 [46 N. W. Rep., 165]; Patterson v. Railway Co., 5 Circ. Dec., 665 (12 R., 279); Cleveland, C. & C. Ry. Co. v. Crawford, 24 Ohio St., 638, 639; Marietta & C. R. R. Co. v. Picksley, 24 Ohio St., 668; Railroad Co. v. Stead, 95 U. S., 162.

Presumption: T. & P. R. R. Co. v. Gentry, 163 U. S., 353; 107 Pa. St., 8.

HEARD ON ERROR.

ADAMS, J.:

The defendant in error, Mary C. Van Horn, as administratrix of Noah Van Horn, recovered a judgment in the court of common pleas for damages resulting from the death of Noah Van Horn, who was killed by a Baltimore & Ohio Railroad train at what is known as the Church street crossing on June 11, 1891.

The petition, after setting out various formal allegations and as to the corporate capacity of the railway company, sets out that the defendant carelessly and negligently ran and operated their train at a high and dangerous rate of speed; that they failed to sound the whistle or ring

the bell, or to give the statutory signals for the crossing; that by reason of these negligent acts on the part of the defendant railway company, and while the deceased, Van Horn, was in the exercise of due care, he was killed; that the damage resulting to his widow and children from his death was the result of the negligent acts of the defendant railway company.

The answer, after admitting the formal allegations of the petition, is a general denial.    That is, the railway company denies all acts of negligence on its part, and alleges as a further defense that Van Horn was guilty of negligence himself in driving upon the track at the time, which negligence contributed to his injury.

The allegations of contributory negligence were put in issue by the reply, and on these issues the case was tried to a jury, resulting in a verdict in favor of the plaintiff below.    The railway company is here prosecuting error, with a bill of exceptions setting forth all of the evidence and the charge of the court.

There are numerous assignments of error, and numerous exceptions in this record, and I will confine myself entirely to those insisted upon by counsel for plaintiff in error, and to those that he relied upon in his argument.

In the course of the trial, various parties who saw this train as it was approaching the place of the collision, were allowed to give their opinions as to the rate of speed at which the train was moving.    Some of these witnesses had no special knowledge or experience in the running or management of railway trains.    They were the ordinary, average person, who had the ordinary, average familiarity with moving trains; and it is said that these opinions were not admissible on the ground that these witnesses were not qualified to express an opinion as to the rate at which the train was moving.

It is said in Railroad Company v. Schultz, 43 Ohio St., 270 [1 N. E. Rep., 324; 54 Am. Rep., 805], in the opinion of the court on page 282:

" A few general propositions are submitted, which, it is believed, fairly reflect the current of authority on the subject of the admissibility of the opinions of witnesses as evidence."

Paragraph four:

" In matters more within the common observation and experience of men, non-experts may, in cases where it is not practicable to place before the jury all the primary facts upon which they were founded state their opinions from such facts, where such opinions involve con clusions material to the subject of inquiry."

There is no controversy but that it was material to this inquiry of whether this railway train was running at a high rate of speed or at a low rate, or within the limit prescribed by ordinance of the city of Newark.    As is said on the argument here, and we think well said, the opinion as to the speed of a train simply involves the ordinary ideas of time, and space, and motion, and it is a common occurrence for witnesses to testify as to the rate at which a man is moving, or at which a horse is moving, and a moving train is simply one of another class of moving objects, and it is a matter within the common observation and experience of men.    It is true that a man with large experience in riding on trains, or in running trains, and who has had daily opportunities and daily occasions to observe the speed of trains, that his evidence might be of greater weight than that of the

ordinary witness, but that goes only to the weight of the testimony, and not to its competency. So we think that there was no error of the court in admitting these opinions as to speed.

Again, there is an exception, on page 203 of the bill of exceptions, to the exclusion of certain testimony offered by the defendant railway company.

The witness, Mrs. Oden, was asked: " I will ask you whether you saw Mr. Van Horn crossing that crossing on any other occasion when a train was approaching?

" Objected to by counsel for plaintiff.

" The Court: Except for the purpose of showing his familiarity with the crossing. Objection sustained.

" To which ruling of the court, the defendant by its counsel at the time excepted."

Counsel for defendant then states what he expects to prove: "I am offering it to show that he had some narrow escapes in front of trains. I offer to show that Mr. Van Horn previous to this time and not a great while before on one or two different occasions had crossed this crossing in front of same passenger train, driving the same team of Mr. Lisey's; that it was a spirited team, and that he had difficulty in managing it; that he had been seen by the witness crossing in front of this train; that on one occasion he passed in front of this train and had a narrow escape."

It is true that if it was offered to show that Van Horn had repeatedly crossed the railway at that point, that would be competent to show his familiarity with the crossing. As is said in Brewing Co. v. Bauer, 50 Ohio St., 560 [35 N. E. Rep., 55; 40 A. S. Rep., 686], it is competent to show his familiarity with the crossing, and if that involved the idea of other acts of negligence on his part, it would be the duty of the trial judge to caution the jury that that evidence was competent only for the purpose of showing familiarity with the crossing, and not to show other acts of negligence. But, the offer in this case was not for the purpose of showing his familiarity with the crossing—the fact that he knew that there was a railroad crossing there, and knew the situation and surroundings; but it was offered for the purpose of showing that, on some other occasion, that he had had a narrow escape before the train; in substance that Van Horn was habitually negligent, or that at other times and at that place he had been guilty of negligence. We think that that evidence, offered for that purpose, is clearly incompetent. It brings before the jury an entirely collateral issue. If the railway company may show that Van Horn was negligent at another time, the plaintiff could meet that proof by evidence that he was not negligent at that other time, and there would be no end to the controversy before the jury; because, if the issue of negligence on the part of Van Horn at other times is competent, then it would be equally competent for the plaintiff at other times to show that the railway company habitually ran its train in violation of the laws of the city, and negligently.

The issue was, first: Was the defendant railway company negligent in the particulars charged in the petition; and second: Was the defendant guilty of contributory negligence; and as to the negligence of the railway company; and as to the contributory negligence of Van Horn at a time and place named in the pleadings in this case. We think there was no error as to that exception.

At the close of plaintiff's testimony there was a motion made to direct a verdict for the defendant, and this motion involves what is known as the *scintilla rule* in Ohio. So far as we know, our Supreme Court has not yet departed from that rule. It is familiar to counsel if there is any evidence, however slight, tending to show each of the material allegations that it is necessary for the plaintiff to prove in order to recover, then it is not right for the trial judge to direct a verdict for the defendant.

The evidence in this case discloses that Van Horn, coming up Indiana street, westwardly, to Front street, then south along Front street, came to this crossing. The evidence shows the location of the bridge across the feeder; its location with reference to the railway tracks there; the amount of trees and bushes on the sides of the feeder; the curve in the railway track above the crossing; and the testimony of the witness Stoffer, who is perhaps the only witness (and we discover no other in the record) who saw Van Horn at the time of the accident. This evidence all tended to show that this was a dangerous crossing. It showed that Van Horn was in the habit of using that crossing with this team. It shows that there was a curve in the railway track; that his view of the railway track while on Indiana and Front streets was obstructed by houses. It shows that the view of the track is more or less obstructed by trees and bushes on the sides of the canal feeder; there is a conflict in the evidence as to the distance up the track that the track was visible to a person on the bridge across the feeder, between that and the railway track, and at the center of the track on which the train was coming. There was a conflict in the evidence also as to whether those signals were given. A conflict in the evidence (although not so much of a conflict) as to the rate of speed at which this train was running. Stoffer's evidence tended to show that Van Horn looked and listened for this approaching train just before the accident occurred. On this state of the proof, counsel in argument does not contend that it was a proper case to be taken from the jury on the failure of proof as to the signals by whistle or by ringing the bell, but he bases his claim entirely upon this: That the testimony shows that Van Horn was guilty of contributory negligence; shows it so clearly and conclusively that, as a matter of law, the trial judge should have directed a verdict for the defendant. In the Pennsylvania Co. v. Rathgeb, 32 Ohio St., 66, the second syllabus says:

" In an action for damages for alleged negligence, the question of negligence on the part of the defendant, or of contributory negligence on the part of the plaintiff, is generally a mixed question of law and fact to be decided by the jury, under proper instructions from the court.

" 3. But if all the material facts, touching the alleged negligence, be undisputed, or be found by the jury, and admit of no rational inference but that of negligence, in such case the question of negligence becomes a matter of law merely, and the court should so charge the jury."

Unless the proof in this case when the plaintiff rested was such that no rational inference could be drawn from this proof except negligence on the part of Van Horn contributing to his injury, the court was right in overruling the motion. As I have said, Stoffer's testimony tended to show that he looked and listened. The evidence tended to show the high rate of speed of the train, and, as is well and clearly stated in the case of the Baltimore & Ohio Railroad Co. v. Griffith, 159 U. S., 603 [16 S. Ct. Rep., 105], and quoting from the opinion by Mr. Justice Bradley

in the case of Continental Improvement Co. v. Stead, 95 U. S., 161, in speaking of the warning given by signals at crossings, the court say :

" Such warning must be reasonable and timely. But what is reasonable and timely warning may depend on many circumstances. It cannot be such if the speed of the train be so great as to render it unavailing. The explosion of a cannon may be said to be a warning of the coming shot ; but the velocity of the latter generally outstrips the warning. The speed of a train at a crossing should not be so great as to render unavailing the warning of the whistle and bell ; and this caution is especially applicable when their sound is obstructed by winds and other noises, and when intervening objects prevent those who are approaching the railroad from seeing a coming train."

What I have said as to the character of this evidence upon a motion to direct a verdict will apply in a sense (although the rule is different) upon the question as to whether this verdict is sustained by sufficient evidence. We think the court of common pleas did not err in refusing to direct a verdict, and we do not think that this evidence is clearly or manifestly against the weight of the evidence.

We have examined the authorities cited by counsel for plaintiff in error—the Baltimore & Ohio Rd. Co. v. Whittaker, 24 Ohio St., 642 ; Bellefontaine Rd. Co. v. Snyder, 24 Ohio St., 670, the case in Baltimore & Ohio Rd. Co. v. Whitacre, 35 Ohio St., 627 ; the Pennsylvania Co. v. Rathgeb, *supra*, and the Pennsylvania Co. v. Morel, 40 Ohio St., 338 ; and we have examined them in connection with the questions made by the requests to charge ; and we think the first four or five of these exceptions to the charge may be disposed of on the same proposition. The first request is :

" If the jury find from the evidence that this crossing was a dangerous crossing, and that Noah Van Horn knew it to be such, that the view from Front street north along the railroad track was obstructed, and that it was about time for the passage of the regular passenger train, it was his duty to stop, look and listen for the train at the feeder bridge or before he reached the iron rails and if he failed to do this, and such failure contributed to the accident, the plaintiff is not entitled to a verdict in this case."

The second and fourth requests use the phrase " stop, look, and listen." In the fifth request it is said:

" The fact that the view of the track was obstructed does not excuse the neglect to stop and listen ; it makes the neglect to do so greater."

That is evidently taken from the case of Pennsylvania Co. v. Morel, 40 Ohio St., 338 ; if not literally, substantially from the holding of the court. The court in that case says :

"M, approaching a railway crossing with a team drawing a loaded wagon, heard a whistle announcing the near approach of a train, but drove on without stopping, although his view was partially obstructed, and the noise of his own wagon drowned that of the train : he attempted to cross the track because he 'thought he could get across before the train would come.' The locomotive damaged his person and his wagon. Held : The fact that the view was obstructed did not excuse his neglect to stop and listen, it made his neglect to do so greater. We think the evidence clearly proved him guilty of contributory negligence."

This is the only one of the Ohio cases where the word "stop" is used as a test of the care of a party approaching a railroad crossing.

On page 251 of the record the trial judge did say to the jury :

"But if Van Horn knew or saw that this train was running at a higher rate of speed than provided by the ordinance of the city of Newark, then he could not disregard the evidence of his senses, and rely upon this presumption. If Van Horn saw or knew that this train was approaching near this crossing when he was at a reasonably safe distance therefrom, but, thinking he could get over the crossing ahead of the train, but miscalculated, and was killed, this would be negligence upon his part such as would prevent a recovery. For, if a party knows of the near approach of a train to a crossing when within a reasonably safe distance therefrom, it is his duty to wait until the train has passed the crossing; and he takes upon himself the risk of injury from attempting to cross over ahead of the train."

In that portion of the charge we think the court followed fully the Pennsylvania Co. v. Morel, 40 Ohio St., 338. And, aside from what I have said of the Morel case, the Supreme Court of Ohio has not yet adopted the absolute rule that a party must show that he has stopped, looked and listened in order to free himself from the charge of contributory negligence at a railway crossing. That disposes of all of these exceptions as to the refusal of the court to charge as requested, except, perhaps, the twelfth.

The twelfth request relates to the defective hearing of Van Horn. It says:

"If you find from the evidence that Van Horn was hard of hearing, he would be required on that account to use greater care to avoid injury than would otherwise be necessary."

On page 250 of the bill of exceptions, the court says, in speaking of what is required of a person using ordinary care at a railway crossing :

"Taking into account the kind of a crossing; the surroundings of the crossing; whether or not it was known to the person approaching it; his own condition and surroundings; is required, in view of what the testimony shows the character of this crossing to be, and his knowledge and acquaintance with it, his condition and surroundings," etc.

One witness at least thought that Van Horn was hard of hearing, but there is nothing in the record that shows that if he was hard of hearing that Van Horn was conscious of his infirmity; and that is an element that must be taken into consideration, as shown by the third paragraph of the syllabus in Cleveland, C. & C. Ry. v. Terry, 8 Ohio St., 570.

"Where the party injured is an adult of ordinary mental capacity, but partially deaf, her infirmity not being known to the servants of the company, will not increase their responsibilities as to care; nor will it excuse her from the full measure of care which prudent persons, partially deaf, but conscious of their infirmity, would ordinarily assume under similar circumstances."

Taking that into consideration, the slight character of the testimony as to deafness, and what the court says, which I have read, on page 250, that Van Horn's condition, as well as his surroundings, were to be taken into consideration by the jury, we think there is no error as to that.

On page 251 there is an exception to a couple of paragraphs of the charge, in which the court, in substance, told the jury that Van Horn,

Railroad Co. v. Van Horn.

or any other party, approaching a railway crossing, had a right to rely upon the presumption that the railway company would manage their trains according to the law and the ordinances of the city, and that he had a right to rely upon the presumption that they would operate their trains carefully and not negligently. We think it is a well settled rule of law that negligence is not presumed. It is a presumption of law that the railway company exercises due care, and it is a presumption of law that the party injured exercises due care, in the absence of any proof whatever as to either matters; and we think that a party approaching a railway crossing has a right to rely upon that presumption. Otherwise, they would have to exercise a degree of care commensurate with the negligent, or, perhaps, the grossly negligent management of railway trains at crossings, and that is not the degree of care required of the traveler upon the highway.

We have been through this entire record and the entire charge, and while it is said in argument here that nearly all, if not entirely all of the questions made in this case were made in the Lisey case (Baltimore & Ohio Railroad Company v. Lisey, settled and dismissed in Supreme Court by parties, March 7, 1899), which was an action for damages by another party growing out of this same railway accident, and that this court, at a prior term, had affirmed the judgment in that case, many of these questions were made in that case, and a re-examination of these questions at this time has confirmed the court in their former opinion, and the judgment of the lower court is affirmed.